NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| PATRICK SWEENEY, | ) | |
| | ) | |
| Appellant/Cross-Appellee, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-2677 |
| | ) | |
| SUSAN SWEENEY, | ) | |
| | ) | |
| Appellee/Cross-Appellant. | ) | |
| _____ | ) | |

Opinion filed August 31, 2016.

Appeal from the Circuit Court for Lee
County; G. Keith Cary, Judge.

Luis E. Insignares of Luis E. Insignares,
P.A., Fort Myers, for Appellant/
Cross-Appellee.

Rana Holz of Rubinstein, Holz & King,
P.A., Fort Myers, for Appellee/
Cross-Appellant.


SILBERMAN, Judge.

Patrick Sweeney, the Husband, seeks review of the final judgment of

dissolution of marriage. Susan Sweeney, the Wife, filed a cross-appeal from the same

judgment. We affirm the final judgment in its entirety with the exception of an excessive

credit awarded to the Wife for tax payments she made on real estate commissions that

were divided in equitable distribution.

The Husband and the Wife had worked together as real estate agents prior to the date of filing, and the court equitably distributed the marital portion of commissions the Wife received after filing in 2013. The court determined that the 2013 postfiling marital commissions received by the Wife totaled $63,286.21 and ordered that the amount be attributed to the Wife in equitable distribution. The court then recognized that the Wife had already paid the applicable self-employment tax, Medicare tax, and federal income tax on the commissions and identified $27,213 as marital taxes to be credited to the Wife.

On appeal the Husband argues that the trial court erred in crediting the Wife for taxes she paid on the marital commissions because the court had already permitted the Wife to deduct $40,000 in cash for the same marital taxes. We agree. In paragraph 10 of the final judgment of dissolution, the court addressed the values of certain bank accounts and credited the Wife with $40,000 that she paid to the IRS on June 24, 2013, as an estimated tax payment for 2013. The court thus gave the Wife credit for the same taxes twice by subtracting $27,213 from the marital commissions for taxes and reducing the value of bank accounts based on the Wife's use of the funds to pay taxes. Therefore, we reverse and remand with directions for the court to strike the provision attributing $27,213 in marital taxes to the marital commission award and to adjust the equitable distribution scheme accordingly.

Affirmed in part, reversed in part, and remanded.


CRENSHAW and SALARIO, JJ., Concur.